IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THEOTIS GOODWIN HILDEBRAND                                      PLAINTIFF

v.                                    Civil No. 1:22-cv-01003

RICKY ROBERTS; CAPTAIN RICHARD
MITCHAM; LIEUTENANT PAUL KRUGLER;
CORPORAL SIMMONS; SERGEANT SORRELS;
CORPORAL MILLER; CORPORAL McHENARY;
SGT. JOHNNY WARD; and LT. BILLY PERRY                           DEFENDANTS

## **ORDER**

Plaintiff, Theotis Goodwin Hildebrand, filed this 42 U.S.C. § 1983 action *pro se* on January 12, 2022.  (ECF No. 1).  Plaintiff was granted Leave to Proceed *in forma pauperis* on the same day.  (ECF No. 3).  Before the Court is Plaintiff's failure to comply with orders of the Court.

On November 3, 2022, Defendants filed a Motion to Dismiss.  (ECF No. 27).  On November 4, 2022, the Court ordered Plaintiff to respond to this Motion to Dismiss.  (ECF No. 29).  Plaintiff's response was due on November 25, 2022.  *Id.*  Plaintiff failed to respond.  On November 28, 2022, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to follow the Court's November 4, 2022 Order.  (ECF No. 30).  Plaintiff was given until December 19, 2022, to show cause.  *Id.*  Plaintiff again failed to respond.

No Orders sent to Plaintiff have been returned as undeliverable, and the Plaintiff has not filed anything with the Court since August 24, 2022, when he informed the Court of his release and new free-world address.  (ECF No. 23).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of February, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge